proceeding in this particular fashion. I'm presiding the over this case today with Justices Ellis and Justice Burke. We will allow each attorney, I know both of you have already appeared you know several times with Zoom, but just as a reminder each attorney will be given about 10 minutes to present oral argument. From that, appellants can save out some time for rebuttal. We do have another oral at 11-15 and then I know that there's another oral, two orals scheduled in the afternoon. So we're going to try to keep a tight ship here today and stay within the guidelines. So I hope that we can conclude this oral at you know right around 11-15 so we can begin the next appeal. With that, I would ask both attorneys to identify yourselves for the record. And again, also after your 10 minutes of time, the judges will then have an opportunity to ask questions. We'll let you go through your complete oral argument before we begin any question. So with that, for the appellant. Jonathan Krieger for the appellant, Shalon Wright. Good morning. Good morning, Mr. Krieger. And for the appellee. Morning, your honors. It's Assistant State's Attorney Iris Ferozzi here on behalf of the people. Good morning, Ms. Ferozzi. All right. The attorneys have now identified themselves. And with that, Mr. Krieger, we will let you begin. I am going to keep a close, you know, watch on the time. Thank you, your honors. Good morning again. May it please the court. In this court's prior decision, it correctly found that my client's first stage post-conviction petition set out an arguable claim of actual innocence. The court thus ordered that the case be remanded for second stage proceedings, a remedy the state now agrees is proper. This court's decision, however, also noted the possibility of greater relief. Outright reversal of my client's attempted escaped conviction, if a certain fact could be determined, which is not clear based on the record. In my client's petition, he cited evidence of this fact, which gives this court a complete record. And the record supports reversal of my client's conviction. My client's actual innocence claim is based on the fact that he did not attempt to escape from Illinois Department of Corrections, the crime he was convicted of. The time of the offense, he was held in Cook County Jail, waiting on a pending murder charge. This court's decision found that it was possible that my client could be in IDOT custody, though he was physically held in Cook County Jail. If the offense state in this case occurred after the sentencing on the murder case, there's at least an In fact, in IDOT custody. So the sentencing date on the murder case was the key date that was missing. In our petition for rehearing, we cited evidence to show when this sentencing date happened. In this case, the offense date was on November 5, 2000, and he was not sentenced until December 19, 2000. In support, our petition cited the docket from the prior murder case, and a prior decision of this court, which set up that date. And we also cited cases on judicial notice that these are the sorts of records that the court routinely takes judicial notice of. In its answer, the state agrees that the court can take judicial notice of the documents, and that in fact, my client is not sentenced until December 19, 2000, after the offense date in this case. With this concession, no ambiguity remains. My client was solely in Cook County custody. Your Honor, does have a full record. My client's conviction should be reversed outright. In its answer, the state argues that my client only attacked the charging instrument, not the conviction itself. As this court, however, found this is not true. My client indeed argued that the charge was wrong. But he also argued that the conviction under Section 3-6-4, which applies to escapes from IDOC, was improper and a fundamental miscarriage of justice. The state's other argument is that my client is not actually innocent because he's not factually innocent. In support, the state cites a paragraph of the Illinois Supreme Court case, People v. Simmons. But as we pointed out in our reply, the cited paragraph discussed federal authority, and Illinois' actual innocence precedent is based on the due process clause, the Illinois Constitution, not on federal authority. In preparing for the oral argument, however, I did look through Simmons, and in one of the paragraphs, in paragraph 97, the court does say that it would consider whether evidence, quote, undercuts the competence in the factual correctness of the guilty verdict. This admittedly does support the state's position that actual innocence means factual innocence. But as we noted in our reply, the petition for re-hearing reply, my client is in fact factually innocent of the crime. He was charged and convicted of escaping from the Illinois Department of Corrections. There's no question he did not attempt to escape from the Illinois Department of Corrections. So he is in fact factually innocent. Since this court has a full record, we would respectfully ask for the court to reverse my client's conviction outright. If the court remands for second stage proceedings, we'd ask the court to address argument three, which addressed the minimus problems and correct the to reflect a class three offense in a two year sentence. I'm happy to answer any questions you understand. All right. Thank you. Um, Justice Berg, do you have questions? Yes. Good morning, Mr. figure. How are you today? Good. How are you doing easier argument than last week's? I think I just want to clarify your argument isn't that he didn't escape from Cook County Jail, correct? It's just that the indictment charged him and he was convicted of escaping from Ida, right? That's right, Your Honor. The crime was escaped from Ida and he did not do it. All right. Um, that was my only clarification. Thank you, Mr Krieger. No other questions. All right. Uh, Justice Ellis questions for Mr Krieger. Justice Ellis, did we lose you? Yeah, he's frozen. Um, hold on, please. Sure. Hi, Jeremy. He's back. Am I back? Yes. You're back. Questions. Sure. I'm sorry. Um, so the discussion of legal versus factual innocence is an interesting one. And it seems like we could sit here all day and go back and forth. And you could say, as a matter of fact, your client did not escape from an I. D. O. C. Facility. And the state could say, Yeah, but you know, we said it was Cook County Jail. We cited the wrong statute. What? What? What? I think we need to grapple with is there's a whole line of case law dealing with the fact that if there's a defect in an indictment and it's raised after the fine, this is an actual innocence, which I'll take the plane. I wrote the I wrote the Rule 23 order. But, um, what happens to that line of case law? If you can turn around and claim instead, it's actual innocence, and you go free without giving an opportunity to the state to cure the defect in the indictment. I would say I don't think it much of that case law would be obviated, would go away. And actual innocence is a strong showing. It's not just that, you know, a mistake was made. It means that it was the crime actually wasn't proven. And so, I mean, I think some of the cases on discrepancies in the indictment go to the method in which a crime was committed or, um, those sort of cases I don't think would be would be abrogated by, um, swallowed up by by actual innocence. I don't think that they are. But if your client had raised this before trial, he would not have gone free. He would have presumably won the motion, and the state would have amended or superseded the indictment with the right charge, and he would have gone to trial. And, you know, the chips would have fallen where they may. If he had the opportunity to cure this, um, and didn't, why doesn't it fall under the defective indictment case law? Well, I would say, I mean, the defective indictment case law, to the extent it deals with statues, deals with variance and proofs of of the charged crime. The state cites one statute, and there's a variance and proof under that statute. This is an entirely different statute. I would say, in general, the Illinois courts do. There is a burden on the state to bring the right charge. We noticed, we recited in our opening brief, the Lloyd and the Crespo cases, saying the state is not allowed to change theories on appeal. And so the state gets to prove its charge and to choose its charge, I should say. And it's, it doesn't, as part of its, you know, must prove the charge that it made. And, um, and allowing the state to shift entirely different criminal statutes, um, is different than a discrepancy in the charge. And he was charged under the, with having escaped from the adult division. Um, that, as I believe the parties agree, is Illinois Department of Corrections. It can't be construed as a county jail. Um, and the state should be held to its, uh, to the crime that are charged. Okay, that's all I have. Thank you. Okay. Um, good morning again, Mr Krieger. And I'll I'll follow up with a couple of things. Um, did the actual charge in this case, mentioned that he attempted to escape from the Cook County Jail Division something or other adult division? That's right, Your Honor. It did. Okay. And so the actual charging instrument itself indicated that the attempt to escape was from Cook County Jail. That's right. It did, Your Honor. Do you see adult division language, which is the language that, uh, reflected in 3-6-4, which is the Illinois Department of Corrections. Right. So there's sort of like a little bit of confusion in the charge itself. But the charge first indicates that he was attempting an escape from the Cook County Jail, a particular division. And then they called it the what? Adult division. That's right. Division 11 adult division. All right. So, so I do have to go back to the, uh, defective indictment situation because we do have a statute that allows, uh, amending an indictment for formal defects really at any time, even after judgment, even on appeal. There was one case I read yesterday where the appellate court actually allowed the amendment. Are you familiar with that particular case? I'm not. I don't know what I and I don't have the name, but, but there was one case also. And again, I apologize. I don't have specific names, but there was another case where the person was the charge was murder or maybe it was burglary, but the citation was for murder. And then the, uh, charge was for burglary. I'm not sure the name of that one either, but fact of the matter was that whatever the charge was in the actual, you know, that he, whatever killed someone without lawful justification or whatever, um, that was actually proven, but the citation still remained for burglary and it could be the other way around burglary. And then the citation was to the murder statute nine one. So, um, how isn't this really at its essence and, uh, uh, a faulty, you know, charging instrument that can be amended like they were in those other cases to reflect, aren't we talking about just a statutory citation that say, uh, citation that's wrong. Excuse me. No, I would say, I mean, in this case, both the statutory language and mentioning the adult division and the statutory citation refer to, uh, refer consistently to the, uh, to escape from, from IDOC. So there's, there isn't like the kind of radical disjunction that you're talking about between the way the elements of the offense are described and the citation. Yes. But why wouldn't the state be allowed to change the citation to the attempt escape from Cook County jail? There's a specific statutory provision that, uh, makes it a violation of our statutes to try to attempt an escape from the county jail. I mean, obviously the state has discretion to set to charge cases, you know, whenever the felony review prosecutor finds probable cause for it. But, uh, you know, as we, as we pointed out, um, shift, uh, theories can't come up with new offenses on appeal. Um, the state is stuck with what it charged. Um, and so I, I think on the one hand, I hear your concern that actual innocence might swallow up these indictment cases at the same time, if the, the, uh, indictment discrepancy cases, if those true too broadly, they could swallow up, um, really the state's, um, burden of, uh, of proof. Um, it could follow up the reverse could happen that we could say, well, um, he was, he wasn't guilty of, of this crime, but he was guilty of another crime. And so why don't we, why don't we, um, uh, affirm it on that basis? And that would have serious due process problems. And I would agree with you when you describe this last situation, but here we're escape and the attempt escape. The only difference really is the location. So in the, in the faulty indictment cases, um, the, the courts say that so long as the person was advised of the nature of the charge and there's no prejudice, then a, an amendment can be hit. So I'm still struggling with whether this is a, you know, a formal defect and that this is really a, you know, a faulty and charging document. And he's in a better position than others who, if they're told of the nature of the charge and the state, you know, proceeds on those facts, uh, that they normally, you know, under those circumstances, if it's a formal, if it's a formal, um, matter, then the state has the right to, you know, amend, but are you, would you agree this could be a formal, I mean, it versus substantive change, substantive change would be if they, if they tried them on, on something else, instead of like the attempt is what is the basis of not only, you know, the proof that was presented and the substantive change. I agree with your honor. In general, the location of the crime, as long as it didn't, for instance, you know, affect, um, jurisdiction or venue would not make a big difference. Um, that's something that could come out in the bill of particulars. In this case, however, the location of the crime was a, was an element of the effects. Um, and so that's how I think I would distinguish and think about cases where they charge that he was punched, but he was actually slapped. That's different ways of the key question of the site of the offense was an element. Our position would be that it was there for a substantive difference. Okay. All right. I don't have any other questions. Mr Krieger at this time, justice Burke or justice Ellis. Any other questions? No. All right. And mr Krieger, we will give you some time to rebuttal. You did not use up your 10 minutes. All right. With that, this ferocity, you may proceed morning. Your honors may please the court. I'm assistant state's attorney iris ferocity here on behalf of the people. Um, I want to go directly to justice Ellis's question of how would this affect precedent on, um, formal defects and indictments. My response would be that it would affect it because, um, typically when a defendant raises a challenge on direct appeal that there was a formal defect to his indictment, if he hadn't objected to it, would be considered forfeited. Um, but he also would have to show some type of prejudice that he was prejudiced because the face of the indictment indicated that he escaped Cook County Jail. Um, and this was just a formal defect as to the charge, not a substantive defect. Regardless, he would have. This is an issue for direct appeal, not for a post conviction and to absolve him of having to show that he was prejudiced, which he's never even remotely stated. Um, in fact, has has, um, indicated repeatedly in his brief that he acknowledges that he did attempt to escape Cook County Jail, so he would not be able to show prejudice. This would fail on direct appeal. So giving him relief now on post conviction that is easier than had he raised it on Congress. Um, body of law that would come forth. Um, a defendant could sit idly by not object, see that there's a formal defect to an indictment, not object to it, roll the dice, see if he was found not guilty. And if he's not wait and then say he was actually innocent of the crime. Um, in a post conviction, uh, and never have to jump through the hoops. He would never have to show prejudice. And in this case, he was he never showed, um, what is required for an actual innocence claim that he, um, could not have with your due diligence found the that the statute was incorrect. Um, he's never was required to show that either. And this is because while this is a pro se defendant, he was clearly stating what his objection was. And that was that the the conviction for excuse me, the indictment showed the statutory site for escape from a I. D. O. C. Facility and not Cook County Jail. So we keep moving backward to 14 years ago. Had he raised this on direct appeal, a formal defect, um, he would have likely failed on direct appeal to give him now, uh, a free, like, get out of jail free card on this when he has not jumped. What is his burden? Um, he has characterized this as the people trying to come up with new offenses on appeal. That's not true. I we 100% concede that the there was a formal defect to the indictment and that it was not. The indictment was incorrect. We formally we concede to that. We also concede to the fact that he had not been started his time in I. D. O. C. When he committed attempt escape from Cook County Jail. But the fact of the matter is, it's not a claim of actual innocence. Um, and whether we go back and forth, whether it's legal innocence or factual innocence, if this court grants him a full reversal of his conviction without having to go through these hoops, um, showing any sort of learn that this was a there was a formal defect to the indictment. And why didn't he do anything about it for 14 years and to give him a pass on that as well? Um, we have an objection to that. I would like to state to to the court, um, why we didn't file a petition for rehearing on this case. Um, just to be totally transparent. When I received the court's order, I did. I was okay with we were okay with it going back down for a second stage hearing because in that case, the defendant would be appointed an attorney. We would have an opportunity to file a motion to dismiss and actually address these actual innocence claims. I did not address it in my opening brief because the defendant didn't raise it either in his post conviction petition or in his opening brief. There was never a claim of actual innocence. So from our point of view, we were just gonna wait until it went down back down where we could clarify it. And then if it came back to us, then it came back to us. But, um, I was not trying to be, you know, backdooring anything. It just was when the defendant filed his petition for rehearing. Um, I felt that I couldn't just respond. Yes, I concede that he was not in Cook County or idoc custody without going into this other, um, aspect of the case. So with that, um, I open up for questions. All right. Thank you, Miss Gross. All right, Justice. Thank you. I don't have any questions. Thank you, Justice Ellis. Uh, sure. Just a just a couple. Good morning, Counsel. Good morning. So, I understand what you're saying. I understand, um, that the idea that, you know, we don't want to swallow whole this whole area of the law where we, um, that we deal with defects in the indictment. Mr Krieger responded by saying, Let's not also start having defect in the indictment cases, swallow actual innocence claims. And so I'm trying to see where where this lies. This this case is a little bit different than defect in the indictment cases that I've read. Um, I've seen cases where the owner of the property was misidentified, and that wasn't an element of the crime. And people said, Okay, it's just like the Stevenson case, right? Which is a recent case. It was a burglary, and the person who owned the premises was misidentified. But so what? It didn't matter because his crime, his claim at trial was I didn't. I didn't rob anybody. I didn't burglar, you know, burglarize any place we have. And I've seen cases where the statute that was charged had been repealed, but it had been moved into a different part of the criminal code. I've seen a couple of those cases, and so the court said there, you know, it's still a crime. It was just cited wrong. There is. There is a difference here, and I'm trying to get my arms around where it falls. He wasn't charged with the crime that doesn't exist. He was charged with the crime that does exist, but it's not one he committed. Is there? Is there any fear that if we categorized that kind of case differently that we would be swallowing hold the rule? I mean, if you charge somebody with burglary and they committed assault, I mean, you know something even more different than these two crimes are. These crimes aren't that different, right? But what if they were, you know, would you would use you know what I'm saying? Like, would at some point, I guess what I'm trying to ask you very in artfully, I apologize. Is is there a difference in this case? Because it wasn't just that they described the right crime but cited it wrong. They cited to another existing statute, but it was the wrong one. Yes, I believe the easy response to that is there's a difference between a formal detail that now I can't speak a formal defect and a substantive defect. A formal defect is what happened here, where the defendant is apprised of the charges against him. Um, he's put on notice of what the state is going to, um, the evidence the state is going to put on to try to convict him, um, and to prove him guilty beyond a reasonable doubt. A substantive defect is what you're describing where we're have like a assault. He's not put on notice necessarily as to what the charges are against him, assuming that we're trying to charge him with burglary. But we have assault language. If we are, if a burglary statute is, is, is, um, we cite a burglary statute, but we're actually trying to prove him guilty of attempt burglary. And he's put on notice. Um, it's really the way to the burden of showing that he was prejudiced, um, by the formal defect first decided determining whether it's a formal or substantive defect, meaning was he put on notice what the state was going to put on as evidence against him? And then the second was, um, was he prejudiced if it was a formal defect? And in this situation, um, he was not prejudiced because our refute and it's really a situation where people are, I'm assuming because I used to be in a courtroom that we're reading the indictment, we're going by the diamond and no one checked whether the indictment matched the statute. So it's just a formal defect. It's a, it's an error that can be easily, um, easily remedied. Um, which I also, I forgot to state earlier that if this was, if we're talking actual innocence, when this is something that we could just easily amend, um, on retrial, so it would not change anything. We put on the same evidence, we would amend this to the correct statute and we would be in the same place that we are right now. Him being convicted of escaping, attempting to escape Cook County Jail. Okay. All right. Thank you. So, um, going to your, your discussion, right now, uh, do you agree that this actual charge actually notified him that the attempt to escape was from Cook County Jail, division 11 and then adult division? So he was advised, whatever, 14 years earlier that he was, the nature of the charge was that he attempted an escape from Cook County Jail, division 11, which actually existed at the time. I mean, there were divisions. I don't know what they are now. I don't know how they're configured, but, um, no doubt that Cook County Jail has, has long had divisions. Um, so this adult division changes it to the, the meaning of the Illinois Department of Corrections. Are you familiar with the case I spoke about earlier where the charge was murder or it was burglary? The, the proof was murder or it was burglary. And the only problem was that instead of 9-1, it had, you know, 18 or 19-1. Um, I don't know how, why this case was really, is any different than, than that situation. But, um, I mean, that's your position, isn't it? That this, this is a formal defect. Formal sounds so important, uh, but formal is different and easily distinguished from substantive. And I, I think I agree, uh, with what's been said by Mr. Krieger and yourself, that if, if someone was charged with a completely different offense and the proof was of another crime, then you do have a real problem on your hands. But I don't know. It seems to me this is, and there was an appellate court case where they allowed, they allowed the, it was a direct appeal though, and they allowed the amendment. I'm not suggesting anything like that at this time. One other thing, Mr. Krieger says you're conceding, uh, the 90 days. Are you? That this was not filed? The order by the circuit court dismissing the PC was not done within the 90 day requirement. I'm sorry. I don't recall what I, I'm sorry. I don't recall what I argued for that. Well, you said in your brief that, you know, the court had already ruled against you on the 90 days and that the, the low, I think it's Perez. The Perez case clearly says that, you know, the, the formal order is when it is stamped by the clerk note of, and the petitioner is notified. I mean, everything would be go haywire if there wasn't some kind of, uh, specific timeframe within which, you know, this order becomes effective. The trial judge here, her order dismissing was not filed within the 90 days by the, in the court. So this case has to go back either way, doesn't it? I mean, I don't think Perez is any clearer. I think honestly, uh, my position is that it goes back to not as an actual innocence, um, as, as what he actually, um, his actual claim, which was that this was a formal defect in the indictment and that, or, or his claim might be a substantive, but that he was not apprised, um, properly notified of the charges against him, because that's what I think is what he's saying and is in his pro se petition. Um, and I don't believe it's my position as the prosecutor to try to interpret anything above and beyond that. Um, I think it's a second stage where he gets counsel, the council meets with him and then we're, we're given the opportunity to file a motion to dismiss. All right. Okay. Does that answer the question? Yes, it does. Yes, it does. All right. Any other questions by the justice before we go back briefly to Mr Krieger? All right. Mr Krieger, would you like to, uh, make any further comments at this time? Just one point. Um, um, opposing counsel raises the prospect of gamesmanship waiting to raise something until later. I don't think that that didn't happen in this case. Um, when my client was convicted, all of the lawyers in the room, the judge in the room were not aware of this issue. And as this court found in its prior decision, um, given that my client was a pro se litigant without, you know, experience and legal training. I think this was, uh, this was, uh, he wasn't culpably negligent, not raising this issue before. Um, that's my only response. We need to ask that this court reverse my client's attempted escape conviction. Right. Any other questions by the other panel members at this time? No. All right. Thank you both. Mr Krieger and Miss Feroci. The case was well argued, well briefed, and we will take it under advisement. Thank